## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DOREEN SMITH, As Administrator of the Estate of KENNETH C. SMITH, | ) ) ) | CASE NO. 1:13-CV-744 |
| New Party Plaintiff, | ) ) | JUDGE SOLOMON OLIVER JR. |
| vs. | ) ) ) | |
| ROGER JONES, | ) ) | **FIRST AMENDED COMPLAINT** (**JURY DEMAND ENDORSED HEREON**) |
| Defendant. | ) ) ) | |

## INTRODUCTION

1. This case seeks damages arising out of the shooting death of 20 year old Kenneth C. Smith on March 10, 2012. On that date, Defendant Roger Jones, while acting within the scope of his duty as a police officer for the City of Cleveland, used excessive and unreasonable deadly force by shooting in the head Kenneth Smith after Smith was being physically removed from a vehicle on East Ninth and Prospect. Mr. Smith was unarmed and posed no threat to the officer or anyone else. Shauna Smith, the mother of Decedent Kenneth Smith, suffered great losses and emotional distress as a result of the wrongful death of her son, Kenneth Smith. Plaintiff Doreen Smith seeks compensatory and punitive damages under federal and state law

claims against the Defendant on behalf of the Estate. The Plaintiff also seeks declaratory and injunctive relief, attorney's fees, costs and other relief.

2. This First Amended Complaint conforms to the Court's Order of September 24, 2014 (Docket No. 21), wherein the Court ordered Plaintiff to amend her Complaint to name Doreen Smith, Administrator of the Estate of Kenneth C. Smith, as the Plaintiff in this case. This First Amended Complaint contains changes only to reflect Doreen Smith as Plaintiff, and contains no substantive changes regarding the facts, claims, or prayer for relief.

## PARTIES

3. Plaintiff Doreen Smith is a citizen of the United States and the State of Ohio. At all times relevant to the instant case she was a resident of South Euclid, Ohio, in Cuyahoga County.

4. Defendant Roger Jones is employed as a Police Officer in the Cleveland Police Department and is a resident of Cleveland, Ohio, in Cuyahoga County. At the time of the events of the instant case, March 10, 2012, was a Patrol Officer in the Cleveland Police Department, Third District, acting under color of state law. He is sued in his individual capacity.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States and pendent claims arising under the laws of the State of Ohio.  Venue is appropriate as this cause of action arose in the County of Cuyahoga, and on information and belief, the Defendant resides in said County.

## FACTS

6. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 4, as if those allegations were rewritten fully therein.

7. On the night of March 9, 2012, Plaintiff's decedent, Kenneth Smith, 20 years old, attended a party at Wilbert's, a club located at 812 Huron Road, E. in Downtown Cleveland.

8. During the early morning hours of March 10, 2012, a fight broke out among a few patrons at Wilbert's, which caused the club to evacuate the entire party. Decedent Smith was not a participant in the fight.

9. Subsequent to the evacuation, an unknown person fired a gun outside of Wilbert's. It is believed that others may have fired guns into the air, as well. Partygoers left en masse, spilling into the parking lot in an effort to leave.

10. Decedent Smith entered a car driven by Devonta Hill. Kayron Purdie rode in the back seat. The vehicle was a gold colored, two-door Saturn. Smith sat in the front passenger seat. The car proceeded to leave the parking lot onto East Ninth Street, proceeding northbound.

11. Defendant Jones was off-duty the night of March 9, 2012. While drinking alcoholic beverages in a bar named "Tops and Bottoms Gentleman's Club" nearby Wilbert's, he heard the gunshot fire in the parking lot area, and left the club to observe the scene. He used his cell phone to call the Cleveland Police Central Communications Unit, and advised that he was going to pursue the Saturn vehicle on foot believing a shooter had entered the driver's side. Even though he was out of uniform and the fact that other uniform officers were in the area, Defendant Jones ran toward the Saturn.

12. Despite the fact that Hill's car was stopped by marked police cars at East Ninth Street and Prospect Avenue because of an unrelated incident, Jones ran to the car without getting permission or notifying other uniform officers at the scene. Jones was in plain clothes but had one arm in a sleeve of a police jacket he was trying to put on.

13. Rather than proceeding to the driver's side where he supposedly saw the alleged shooter from the parking lot enter, Jones ran to the passenger side and kicked in Smith's window and ordered him from the car at gunpoint.

14. Jones pulled Smith out of the vehicle and ordered Smith to move to the ground. Smith begged Jones not to kill him while raising his arms to surrender.  Smith had no weapon or posed any threat to Jones.  However, Jones pointed his semi automatic gun toward the left side of Smith's head as Smith complied with the order to get to the ground, and shot him once, at close range. Smith lay gurgling for breath for many minutes before an ambulance was called. He died of the gunshot wound to his head.

15. The shooting was witnessed by horrified civilians who watched the shooting from vehicles stopped at the intersection, but were told by other unnamed officers to leave the scene thereby making those witnesses unavailable and unknown in order to refute the false and self serving account given by Jones.

16. Defendant Jones deliberately used excessive and deadly force in seizing Smith, violating Decedent's constitutional right to be free of both excessive and deadly force.

### **FIRST CLAIM FOR RELIEF**
### **(42 U.S.C. 1983)**

17. Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 16, as if fully rewritten herein.

18. Defendant Jones acted under color of law at all relevant times and deprived Decedent Smith of his constitutional rights in violation of Title 42 U.S.C. § 1983.

19. Defendant Jones deprived Smith of his right to be free from unreasonable seizure by seizing his person and subjecting him to the unjustified use of deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

20. Defendant Jones acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

21. As a direct and proximate result of Defendant Jones' actions, Plaintiff's Decedent suffered injury – including death – and damages as detailed in this Complaint.

## SECOND CLAIM FOR RELIEF
### (State Claim - Willful, Wanton, and Reckless Conduct)

22. Plaintiff Smith incorporates by reference each and every allegation of Paragraphs 1 through 21 above, as if those allegations were fully set forth herein.

23. Defendant Jones failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in police functions and activities which culminated in the death of Kenneth Smith.

24. Such reckless, wanton, and willful conduct proximately caused the death of Decedent Smith.

25. As a direct and proximate result of the misconduct of Defendant Jones, the Plaintiff has suffered injuries and damages as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### (State Claim for Relief – Assault and Battery)

26. Plaintiff Smith incorporates by reference each and every allegation of Paragraphs 1 through 25 above, as if those allegations were set forth herein.

27. Defendant Jones knowingly caused physical harm by the use of both non-deadly and deadly force which was excessive, disproportionate under the circumstances, and unjustifiable.

28. This unlawful use of force was harmful and offensive and proximately caused the Decedent's death, and constitutes an assault and battery against Decedent.

### **FOURTH CLAIM FOR RELIEF**
### (Wrongful Death)

29. Plaintiff Smith incorporates by reference each and every allegation of Paragraphs 1 through 28 above, as if those allegations were set forth herein.

30. Decedent is survived by his Mother, Shauna Smith. Decedent is also survived by his father, Kenneth Hughes. Plaintiff Doreen Smith, who is Administrator of the Estate, and brings this action on behalf of the Estate pursuant to Ohio Revised Code Sections 2125.01 - 2125.03.

31. Shauna Smith, Decedent's mother, suffered damages for the loss of the Decedent's services, in addition to the loss of support from the reasonably expected earning capacity of the Decedent and the loss of the prospective inheritance to the Decedent's heirs at law at the time of his death.

32. Shauna Smith, Decedent's mother, suffered damages for loss of Decedent's society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education. Decedent was Shauna Smith's only child.

33. Shauna Smith, Decedent's mother, suffered damages for the mental anguish caused by the Decedent's death, as well as mental anguish caused by the circumstances leading to his death.

34. At the time of Decedent's death, next-of-kin were fixed with respect to the Decedent in the below-listed relationships:

| | |
|---|---|
| Shauna Smith | Mother |
| Kenneth Hughes | Father |

35. Reasonable funeral and burial expenses have been incurred.

### FIFTH CLAIM FOR RELIEF
#### (Survivorship Action)

36. Plaintiff Smith incorporates by reference each and every allegation of Paragraphs 1 through 35 above, as if those allegations were set forth herein.

37. As Administrator of the Estate of Kenneth Smith, Plaintiff, Doreen Smith, brings this action for the injuries and damages to Kenneth Smith prior to his death for the benefit of his Estate.

38. As a result of the above-described misconduct of Defendant Jones, Decedent suffered the injuries described in the above Paragraphs.

39. Kenneth Smith sustained conscious pain and suffering, including terrifying fear for his life and gunshot to his body that ultimately resulted in his wrongful death.

### DAMAGES

40. As a direct and proximate result of the acts set forth in Paragraphs 1 through 39 above, Kenneth Smith sustained, prior to his death, fear for his life and traumatic shock to his entire physical, nervous, and emotional system.

41. As a further direct and proximate result of the wrongful death of Kenneth Smith, his survivor and/or heirs have suffered damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention,

protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.

42. As a further direct and proximate result of the wrongful death of Kenneth Smith, the Decedent's survivor and/or heirs have suffered damages, including but not limited to, grief, depression, and severe emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Doreen Smith prays for judgment against the Defendant for:

(A) Compensatory and consequential damages for all the injuries identified in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

(B) Punitive damages in an amount to be determined at trial for the willful and malicious conduct of Defendant Jones;

(C) Attorney's fees and the costs of this action and other costs that may be associated with this action; and

(D) Any and all other relief that this Court deems equitable, necessary, and just.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

s/ Terry H. Gilbert
TERRY H. GILBERT  (0021948)
Friedman & Gilbert
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Telephone:    (216) 241-1430
Facsimile:     (216) 621-0427
E-Mail:          tgilbert@f-glaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2014, a copy of the foregoing was filed electronically. Notice of this filing is available to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Terry H. Gilbert
TERRY H. GILBERT (0021948)
Attorney for Plaintiff
