IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOREEN SMITH, | ) | CASE NO. 1:13-CV-744 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT ROGER JONES'S** |
| ROGER JONES, | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION FOR RECONSIDERATION** |
| Defendant. | ) | **OF FEBRUARY 5, 2016 ORDER ON** |
| | ) | **REMITTITUR** |
| | ) | |

Defendant opposes Plaintiff's motion for reconsideration regarding the Court's Order on remittitur (ECF # 102).  This Court was properly within its discretionary authority in ordering remittitur.  Additionally, Plaintiff's request to introduce new witnesses, witnesses that Plaintiff either could have already called at trial or failed to include on her witness list, is clearly impermissible.  Plaintiff, by asking for additional witnesses that were not presented at trial, is essentially admitting in a failed trial strategy and asking for an impermissible do-over that is anathema to American jurisprudence and Defendant Jones's rights.  While Defendant believes Plaintiff should be forced to choose between remittitur and a new trial in its entirety, it is clearly wrong for Plaintiff to receive essentially a continuation of the original trial under entirely new rules.  Plaintiff's request to provide expert testimony is entirely inappropriate.  Expert deadlines long ago passed in this matter and Plaintiff failed to offer any economic expert.  The reasoning for opposition to the motion to reconsider are set forth more fully in the attached memorandum in support.

Respectfully submitted,

BARBARA LANGHENRY (0038838)
Director of Law, City of Cleveland

 s/ John P. Bacevice Jr.
JOHN P. BACEVICE JR. (0087306)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio  44114-1077
Tel: (216) 664-2800  Fax: (216) 664-2663
jbacevice@city.cleveland.oh.us
Counsel for Defendant

## MEMORANDUM IN SUPPORT

### I.    THE COURT PROPERLY DETERMINED REMITTITUR

This Court, in ordering remittitur of $1,500,000 or giving Plaintiff the option of retrying her damages case, acted properly and within discretionary authority.  "Remittitur and relief from a judgment or order lie in the discretion of the district court." *McKenna v. Edgell*, 617 F.3d 432 at 438 (6th Cir. 2010) citing *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 443 (6th Cir. 2000); Fed.R.Civ.P. 60(b).  Determination of remittitur is also reviewed for abuse of discretion. *Manning v. Altec, Inc.*, 488 F.2d 127 at 131 (6th Cir. 1973).

This Court issued a detailed, 28 page opinion which included reasoning for remittitur. The Court presided over the trial and had access to the transcripts, exhibits, and briefing of the parties.  The Court made a legal determination that the jury award of $5,500,000 was excessive. Plaintiff tacitly admits her failure to adequately prove damages to the level of $5,500,000 in asking to inappropriately introduce new witnesses and evidence as to damages.  If Plaintiff had appropriately shown $5,500,000 in damages at trial, there would be no need for additional witnesses or evidence.  Additionally, as will be discussed below, Plaintiff had every opportunity to put on damages witnesses and economic experts but decided against that.

This Court was clearly within its discretionary authority in ordering remittitur of $1,500,000 in damages or allowing Plaintiff to retry the damages portion of her case with the same witnesses.  As there was no abuse of discretion, there are no grounds to reverse the order on remittitur.

### II.    PLAINTIFF'S CITATIONS TO OTHER LITIGATION SHOULD NOT BE CONSIDERED

Plaintiff's citations to news reports of other payments are not persuasive, not applicable, and hearsay that should not be considered by this Court.  Specifically, Plaintiff points to six other

litigations.  Initially it should be noted that Plaintiff's comparisons come from newspaper articles.  These articles are clearly inadmissible hearsay.  Not only is there nothing to verify that the articles correctly report the economic numbers, but the explanations of the litigation presented are from journalists who are not attorneys with understanding of the law, and are writing to drive revenue for publications which creates an inherent, unchecked bias in the reporting.  Additionally, all six litigations citied to are *settlements*.  Settlements are inherently different from trials.  The question the Court is considering upon remittitur is a legal one of damages the Plaintiff actually proved at trial.  Settlements do not come with any such proof.  Indeed, there are many reasons to settle a matter including the inherent expenses and risks of litigation, publicity and public reaction, specific facts of the case, and the ability to prove or disprove disputed facts in court.  This is not an exhaustive list of factors to consider in a settlement, but merely some common considerations.  *None* of these considerations are those considered by a court on remittitur.  Courts, as this Court did here, consider the evidence offered at trial.  Plaintiff's allusions to these settlements are wholly inappropriate and should not be considered by this Court.

## III.    THE COURT PROPERLY LIMITED EVIDENCE IF PLAINTIFF CHOOSES TO RETRY THE DAMAGES PORTION OF THIS CASE

Defendant maintains, as he did in his response to Plaintiff's motion to clarify (ECF # 105), that a new trial is appropriate if remittitur is rejected.  However, if damages is the only issue retried then Plaintiff should clearly be limited to the evidence and witnesses she initially presented.

This case was fully tried after an extensive discovery period.  Plaintiff retained expert witnesses, but not expert witnesses as to damages.  Plaintiff had the opportunity to submit names of witnesses during the discovery process and then present those witnesses at trial regarding

4

damages.  Plaintiff had the opportunity to collect and submit evidence as to the Decedent's earnings, education, previous employment, and special training or certification to prove damages.  Neither the Defendant nor this Court hindered Plaintiff from properly bringing damages evidence when this case was tried in September of 2015.

The jury returned a verdict in favor of the Plaintiff.  Defendant filed post-trial motions as well as an appeal regarding the verdict.  This Court subsequently ruled that, as a matter of law, Plaintiff could not recover damages beyond $4,000,000 as Plaintiff failed to prove damages in excess of that number.  Now Plaintiff requests that if she declines to accept the Court's legal conclusion on remittitur and retry the damages matter, she receives the benefit of an entirely new trial, complete with additional discovery, new witnesses, and expert reports despite the fact all of these options were available during the initial trial.  Plaintiff asks to put this evidence before a new jury where Defendant does not have an opportunity to defend liability, which Defendant still disputes, or mitigating circumstances that could factor into a damages calculation.

As noted above, Plaintiff is essentially admitting she failed to put on the requisite evidence to support a $5,500,000 award.  Then if Plaintiff declines to agree with the Court's legal conclusion, that the award was excessive and accept remittitur to $4,000,000, is asking for a second bite at the apple on damages while Defendant has no opportunity to present a defense to liability to the jury.  The bottom line is Plaintiff wants to introduce new evidence to litigation in essentially the middle of a trial.  That is wholly inappropriate.  If Plaintiff wants to introduce new evidence, the only possibly appropriate opportunity is an entirely new trial.

## IV.    CONCLUSION

This Court made a legal determination that the award of the jury was excessive.  The Court based this on a lack of evidence to support an award of $5,500,000.  The Court made a

discretionary legal determination that a maximum award of $4,000,000 is appropriate. The standard of review is abuse of discretion. The Court did not abuse its discretion. Plaintiff's argument that six *settlements*, not verdicts, support the award is inappropriate and should not be considered by the Court. Additionally, Plaintiff's request to essentially reopen discovery in the middle of a trial in order to allow Plaintiff to present new evidence is clearly inappropriate and unfair to Defendant. Absent an entirely new trial, the Court's order limiting Plaintiff's presentation of evidence, if Plaintiff does not accept remittitur, is clearly appropriate. Thus, this Court should deny Plaintiff's motion to reconsider the February 5, 2016 Order on remittitur.

Respectfully submitted,


BARBARA LANGHENRY (0038838)
Director of Law, City of Cleveland

 s/ John P. Bacevice Jr.
JOHN P. BACEVICE JR. (0087306)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio  44114-1077
Tel: (216) 664-2800  Fax: (216) 664-2663
jbacevice@city.cleveland.oh.us
Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on March 22, 2016.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

<div style="margin-left: 45%;">

s/ John P. Bacevice Jr.
JOHN P. BACEVICE JR. (0087306)
Counsel for Defendant

</div>